UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

C.R. and A.R., individually and on behalf of L.R.,

        *Plaintiffs,*                Case No.  1:25-cv-9679

     v.                           **COMPLAINT**

NEW YORK CITY PUBLIC SCHOOLS,

          *Defendant.*

————————————————————————X

Plaintiffs, by their attorney, Michele Kule-Korgood of Kule-Korgood & Assoc., P.C., respectfully move this Court for an award of attorneys' fees associated with their prosecution of an impartial hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B). Plaintiffs, for their complaint, set forth and hereby allege that:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. At all relevant times during the 2020-2021 school year herein mentioned, the Plaintiffs resided with L.R. within the New York City Public Schools ("NYCPS") school district in the County of Kings, State of New York.

3. At all times herein mentioned, L.R. was a student with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A). L.R. is a student who has been classified by NYCPS as a student with Hearing Impairment. L.R. presents with bilateral sensorineural hearing loss and wears hearing aids.  L.R. has been diagnosed with Mixed Receptive-

Expressive Language Disorder, Attention Deficit Hyperactivity Disorder (Predominantly Inattentive Presentation), Developmental Coordination Disorder, and Adjustment Disorder with Anxiety.

4.  L.R. is an individual with a disability as defined by Section 504, 29 U.S.C. § 794.

5.  C.R. and A.R. are the parents of L.R. as defined by the IDEA 20 U.S.C. §1401(23).

6.  Defendant NYCPS is a local educational agency ("LEA") as defined by IDEA 20 U.S.C. §1401(19), and, as such, was obligated to provide educational and related programs and services to its student in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder. NYCPS is a recipient of federal assistance. NYCPS is a branch of the principal government in New York City, with its principal place of business at 52 Chambers Street, New York, New York, 10007.

## JURISDICTION AND VENUE

7.  Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of the IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy, and upon Section 504, 29 U.S.C. § 794.

8.  Venue is properly predicated upon 28 U.S.C. §1391(b)(1) for this Court.

## STATUTORY AND REGULATORY FRAMEWORK

9.  The IDEA seeks to "ensure that all children with disabilities have available to them a

free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). To this end, local educational agencies must annually develop an "individualized education program" ("IEP") designed to address each child's unique needs. 20 U.S.C. §§ 1412(a)(4) and 1414(d)(2)(A). "A parent or school district may file a due process complaint with respect to any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student." 8 NYCRR §200.5(i)(1). *See* also 20 U.S.C. § 1415(B)(6)(a). Parents who are the "prevailing party" in an impartial hearing or its appeal are entitled to payment of their reasonable legal fees pursuant to 20 U.S.C. Section § 1415(i)(3)(B).

## FACTUAL BACKGROUND

10. On February 9, 2022, Plaintiffs C.R. and A.R. initiated an impartial due process hearing on behalf of their child L.R. by filing a Due Process Complaint, alleging denial of a free appropriate public education under the IDEA and Section 504 and seeking various relief.

11. This case was assigned Impartial Hearing Office Case Number 224394.

12. Mitchell Regenbogen, Esq., a New York State Certified Impartial Hearing Officer ("IHO"), was appointed by Defendant to serve as the Impartial Hearing Officer in this matter.

13. An impartial due process hearing was held for C.R., A.R., and L.R. on May 31, 2022, August 3, 2022, September 29, 2022, and November 16, 2022.

14.    On December 7, 2022, the New York City Department of Education's Impartial
Hearing Office issued IHO Regenbogen's November 22, 2022 Findings of Fact and
Decision. IHO Regenbogen found that the NYCPS failed to provide or offer a FAPE to
L.R. for the 2020-2021 school year; that the private school placement was appropriate
for L.R. and that L.R. made progress there; that equitable considerations favored L.R.'s
parents' request for tuition payment/reimbursement for the private school placement;
that NYCPS had failed to respond as required by the IDEA to L.R.'s parents' request
for an independent neuropsychological evaluation; and that L.R.'s parents had obtained
an appropriate evaluation from a qualified provider and that NYCPS should bear the
cost of the evaluation. IHO Regenbogen ordered the following relief: Reimbursement
to L.R.'s parents for the $5,000 they paid to the private school for the student's
attendance for the 2020-2021 school year; direct funding to the private school in the
amount of $67,500 for the balance owed to the private school for the student's
attendance for the 2020-2021 school year; and payment to L.R.'s parents for the $5,500
cost of the independent neuropsychological evaluation, within 30 days of receiving
proof of payment. (A copy of the Impartial Hearing Officer's Findings of Fact and
Decision is annexed hereto as Exhibit 1).

**FIRST CAUSE OF ACTION**

15.    Plaintiffs repeat and reallege paragraphs 1 through 14 of this Complaint with the
same force and effect as if fully set forth herein.

16.    Plaintiffs C.R. and A.R. initiated an impartial hearing on behalf of L.R.

4

17.   Plaintiffs C.R. and A.R. prevailed at the impartial hearing by obtaining a Finding of Facts and Decision from the IHO that ordered the relief demanded in Plaintiffs' due process complaint.

18.   Plaintiffs C.R. and A.R., by reason of the foregoing, have obtained substantial relief, and they are the "prevailing party" entitled to payment of their reasonable legal fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

19.   Plaintiffs repeat and reallege paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20.   Section 504 and its implementing regulations provide that "no otherwise qualified  individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

21.   Defendant NYC DOE receives federal funding and is therefore subject to the obligations of Section 504.

22.   L.R. is an individual with a disability as defined by Section 504.

23.   Plaintiffs filed the Due Process Complaint pursuant to Section 504 because of the Defendant's failure to provide L.R. a FAPE.

24.   The due process hearing resulted in an order granting the relief that Plaintiffs sought at the hearing.

25.   Plaintiffs are a prevailing party for purposes of the fee-shifting provisions of

Section 504.

26.     As a prevailing party, Plaintiffs are entitled to an award of reasonable attorneys'
        fees and costs associated with enforcing their child's rights under Section 504;
        such fees and costs include, but are not limited to, the fees and costs associated
        with enforcing the obligation of the NYC DOE to not discriminate against
        students with disabilities and to pay attorneys' fees and costs to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Accept and review the administrative record as necessary and appropriate;

(3) Take such additional evidence as it determines as necessary and proper;

(4) Award to Plaintiffs C.R. and A.R. their costs, expenses, and attorneys' fees for the
    administrative proceedings in the matter of L.R. (Impartial Hearing # 224394) pursuant
    to 20 U.S.C. § 1415 and Section 504;

(5) Award to the plaintiffs' costs, expenses, and attorney's fees of this action pursuant to
    20 U.S.C. § 1415 and Section 504; and

(6) Grant such other relief as the Court deems just and proper.

Dated: Forest Hills, New York
        November 20, 2025

                                            Respectfully submitted,


                                            s/ Michele Kule-Korgood
                                            KULE-KORGOOD & ASSOCIATES, P.C.
                                            Michele Kule-Korgood
                                            118-35 Queens Boulevard, 17th floor
                                            Forest Hills, New York 11375
                                            Tel: (718) 261-0181
                                            Fax: (718) 268-2633
                                            *Attorneys for Plaintiffs*